UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DERLON K. CRAIN**     **DOC # 91405** | **:** | **DOCKET NO. 2:21-cv-872**     **SECTION P** |
| **VERSUS** | **:** | **JUDGE TERRY A. DOUGHTY** |
| **TONY MANCUSO, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Derlon K. Crain. Crain is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the East Feliciana Parish Jail in Clinton, Louisiana. His claims arise out of his incarceration at the Calcasieu Parish Prison in 2014.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the suit be **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

On March 26, 2014, plaintiff first filed suit in this Court alleging that the Calcasieu Parish Prison did not screen incoming inmates for infectious diseases.  He asserted that he contracted Tuberculosis and alleged that the Calcasieu Parish Sheriffs' Office, Tony Mancuso, and the Intake Administration Calcasieu Parish Prison were liable for monetary damages as a result of their "bringing [l]ife time illness" to him. *Crain v. Sheriffs Office Calcasieu Parish*, Docket No. 2:14-

cv-00692 (W.D. La. 2014) at doc. 1. On June 8, 2015, the matter was dismissed with prejudice as frivolous and for failing to state a claim upon which relief could be granted, as screening of all inmates is not constitutionally required. *Id.* at doc. 19.

On March 30, 2021, plaintiff commenced the instant litigation by filing a civil rights complaint raising the same issues. He names as defendants Tony Mancuso, Warden Miller and Warden Burkhalter, of the Calcasieu Parish Prison, and seeks monetary relief as a result of the "injuries in which defendants has caused plaintiff for life." Doc. 1, p. 4.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Although Crain paid the statutory filing fee in this matter, the Court must still screen his claims under 28 U.S.C. § 1915A. Cf. *Thompson v. Hayes*, 542 F. App'x 420, 420-21 (5th Cir. 2013) (per curiam) ("[U]nder 28 U.S.C. § 1915A(b)(1), the district court is required to review any civil complaints in which a prisoner seeks relief against a government entity, officer, or employee regardless of whether the prisoner has paid the filing fee." (citing *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998))).

Under the Prison Litigation Reform Act ("PLRA"), where a prisoner — whether he is incarcerated or detained pending trial — seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211,

215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Duplicative Claim*

The Court should dismiss Crain's claim because it is duplicative and malicious. "IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).

Likewise, a case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); see *Lewis v. Sec'y of Pub. Safety & Co*rr., 508 F. App'x 341, 344 (5th Cir. 2013); *Bailey*, 846 F.2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d)."). District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted." *Bailey*, 846 F.2d at 1021.

Here, Crain's allegations are substantially similar to, and arise from the same series of events as, allegations he raised in prior proceedings. As the claims in this proceeding are duplicative and malicious, the Court should dismiss them with prejudice. See *Pittman*, 980 F.2d at 995 (affirming that a "district court would be fully justified in dismissing a non-pauper complaint

that is duplicative of prior federal court litigation then being pursued by the same plaintiff."); *Bonner v. Adams*, 520 F. App'x 249 (5th Cir. 2013) ("The fact that Bonner was not proceeding in forma pauperis in the district court did not preclude the district court from dismissing his complaint as duplicative.").

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE**, as malicious and duplicative, and for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 16th day of July, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE